## Young v. Hays.

### (Decided January 9, 1923.)

### Appeal from Knott Circuit Court.

1. Appeal and Error—Election Contest—Absence from Record of Ballots and Returns—Presumption of Correctness of Trial Court's Decision.—On appeal in an election contest the Court of Appeals will presume, in the absence of the ballots and returns, that all mistakes made by the election officers were rectified and that the recount made by the trial court was correct.

2. Elections—Contest—Sufficiency of Evidence of Illegal Votes to Throw Out Precinct.—Where it is sought to throw out a precinct for illegal votes, the evidence should be direct and certain as to the names and number of illegal voters, so that the opposing party may be able to meet the charge, and a mere guess as to the percentage of illegal voters will not be sufficient.

B. F. COMBS, JOE HALL and JOHN CAUDILL for appellant.

THOMAS E. MOORE, JR., and ROGERS T. MOORE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

At the regular election held in November, 1921, L. C. Young was the Democratic candidate and Dan Hayes the Independent candidate for the office of sheriff of Knott county. On the face of the returns Hays received a majority of eleven votes. Thereupon Young contested the election on numerous grounds and asked a recount of certain precincts. In addition to denying the allegations of the petition, Hayes filed countercharges asking that certain illegal votes be eliminated and that the vote in certain precincts be recounted. On the recount of the ballots Hays' majority was increased to 39, and after eliminating the illegal votes in a number of precincts, the court adjudged that Hays was elected by a majority of 175. Young appeals.

We have read and re-read the record with great care, but as the evidence is very voluminous, we can do no more than state our conclusions.

While there is some criticism of the count made by the election officers, as well as of the recount made by the court, we must presume, in the absence of the ballots and returns, that all mistakes made by the election officers were rectified and that the recount made by the court was correct.

While there was evidence that certain election officers were intoxicated, and that others accompanied the voters into the booths, there was other evidence to the contrary, and we are persuaded that if such improper practices were indulged in they were not so far-reaching as to have any material effect on the result.

Indeed the main ground on which a reversal is asked is that the court erred in not throwing out Quicksand, Lower Ball, Upper Ball and Jones Fork precincts, for the reason that in each of these precincts more than twenty per cent of the voters were permitted to vote openly on the table without taking the required oath. We may dispose of Upper Ball and Jones Fork precincts by the statement that illegal voting on the table was not made a ground of contest in either precinct. Passing the question of pleading in regard to Quicksand and Lower Ball precincts, and taking up the evidence, we find that one witness stated that about twenty-five voters, whose names were read to him, voted openly on the table for Hays without being sworn. Other witnesses swore that five of the voters named were known to be blind, while others voted in the booths. Notwithstanding this fact, the court deducted 23 votes from the vote received by Hays. But even if we concede that the witness named thirty illegal table voters as claimed by appellant, this number, supplemented by the number of infant voters, as to whom there was any competent evidence, would not equal twenty per cent of the entire number of voters, unless we go further and give effect to the statement of the same witness, who, on being asked what per cent of the vote was exposed, replied, ''Must have been about fifty per cent, would be my guess.'' Neither the rights of candidates for office, nor the rights of the people in the stability of elections should be guessed away, and where it is sought to throw out a precinct for illegal votes the evidence should be direct and certain as to the names and number of illegal voters, so that the opposing party may be able to meet the charge, and a mere guess as to the percentage of illegal voters will not be sufficient. We are, therefore, of

the opinion that the court did not err in refusing to throw out the precinct in question.

Taking up Lower Ball precinct, we find that one witness stated in a vague and indefinite way that about 63 voters whose names were read to him voted openly on the table without being sworn. Even if we go to the extent of accepting this statement as true and throw out the precinct, we find that after the illegal votes in other precincts are eliminated, appellee still has a majority of the legal votes, and the court did not err in adjudging that he was duly elected.

Judgment affirmed.

Whole court sitting.